**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MARK MORRIS,
ADC #156949                                                                                                  PLAINTIFF

v.                                          1:14CV00078-JLH-JTK

MALVERN DIAGNOSTIC CENTER, et al.                                                    DEFENDANTS

**ORDER**

By Order dated July 18, 2014 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. However, noting that he did not identify any specific individuals as responsible for the alleged inadequate medical care and treatment, the Court provided Plaintiff the opportunity in which to submit an Amended Complaint (Doc. No. 3). The Court asked Plaintiff to "1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner;  3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed." (Id., p. 4.)

Plaintiff has submitted an Amended Complaint, adding three individuals as Defendants (Doc. No. 5.)  However, he includes allegations against only one of those Defendants (Kiker), and most of his allegations of inadequate medical care and treatment are not attributed to any of the named Defendants.   In order to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

Therefore, the Court will provide Plaintiff one final opportunity in which to submit a single document which lists his Defendants, and specifies the actions each of the Defendants took against Plaintiff and how those actions violated Plaintiff's constitutional rights. As noted in the July 18, 2014 Order, Plaintiff should include references to dates, times, and places, where applicable. If Plaintiff does not comply with this directive, his Complaint will be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff shall have one final opportunity in which to submit an Amended Complaint in accordance with the directions set forth in this Order and in the July 18, 2014 Order, within twenty days of the date of this Order. Failure to comply with this Order shall result in the dismissal without prejudice of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 30th day of July, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE